GEORGE W. MYERS

*v.*

FIRST NATIONAL BANK OF FAIRBURY.

1. SURETIES—*release by extension of time to principal, without their assent.* Where an extension of time is given a principal debtor for the payment of money, by a valid and binding agreement, without the assent of the sureties, they are thereby released.

2. CONSIDERATION FOR AGREEMENT TO EXTEND TIME—*payment of usurious interest.* An agreement by the holder of a promissory note, made with the principal in said note, without the knowledge or consent of the sureties, to extend the time for the payment thereof, in consideration of usurious interest paid by the principal, and accepted by the holder of such note, is a valid and binding contract for an extension of time, and releases the sureties.

APPEAL from the Circuit Court of Livingston county; the Hon. NATHANIEL J. PILLSBURY, Judge, presiding.

Mr. A. E. HARDING, and Mr. D. L. MURDOCK, for the appellant.

Mr. H. H. McDOWELL, and Mr. L. E. PAYSON, for the appellee.

17—78TH ILL.

Mr. CHIEF JUSTICE SCOTT delivered the opinion of the Court:

The law is well settled, that, where an extension of time is given a principal debtor for the payment of money, by a valid and binding agreement, without the assent of the sureties for its payment, they are thereby released. *Danforth* v. *Semple,* Sept. T. 1874. That principle is conclusive of the case at bar. Appellant was the security for the other makers of the note which is the basis of this action. An extension of time was given the principals to pay the indebtedness evidenced by the note, without the knowledge or consent of appellant. The consideration for the agreement was, that they would pay plaintiff interest at an usurious rate on their indebtedness. That consideration was paid by one of the principals, and was accepted by plaintiff. According to the doctrine of *Danforth* v. *Semple, supra,* the payment of such a consideration created a valid and binding contract for the extension of the time of payment of the note for the period agreed upon, and having been made without the knowledge or consent of the surety, he was thereby released.

Appellee has assigned a single cross error, viz: the court erred in sustaining appellant's motion to strike from the record the stipulation of the parties to submit the cause for trial.

The evidence furnished by the affidavit on file is conflicting as to whether the stipulation was understandingly placed with the files of the case, and for that reason we are not willing to say the court erred in its judgment. We adopt this view the more readily because it is apparent appellee has suffered no injury in consequence of the action of the court. It is not claimed appellee was not afforded ample opportunity to present all its evidence. The course pursued by the court was in the interest of justice. No injury came to appellee, and had appellant been compelled to try the cause on the stipulation alone, he would have been deprived of testimony that was all important to his defense.

The judgment will be reversed and the cause remanded.

*Judgment reversed.*