Williams v. Gooch et al.

## T. W. Williams v. A. E. Gooch and E. J. Bandy.

SURETIES—*Extension of the Time of Payment.*—The rule of law which relieves a surety on a promissory note from liability where an extension of the time for payment has been granted was designed to protect a surety ignorant and innocent of any purpose to extend his liability beyond the fixed time of the note. It was never intended to relieve a surety who induces the extension or connives at it.

Assumpsit, on a promissory note. Error to the Circuit Court of Montgomery County; the Hon. JAMES A. CREIGHTON, Judge, presiding. Heard in this court at the November term, 1897. Affirmed. Opinion filed February 9, 1898.

HOWETT & JETT, attorneys for plaintiff in error.

The rule is well settled in this State that if a creditor, by a valid and binding agreement, without the consent of the surety, gives further time for the payment to the principal debtor, the surety will be discharged. Davis v. The People, 1 Gillman, 409; Waters v. Simpson, 2 Gillman, 570; Montague v. Mitchell, 28 Ill. 481; Kennedy v. Evans, 31 Ill. 258; Danforth v. Semple, 73 Ill. 170; Myers v. Bank, 78 Ill. 257; Crossman v. Wohlleben, 90 Ill. 537; Price v. Dime Savings Bank, 124 Ill. 317; Dodgson v. Henderson, 113 Ill. 360; Brandt on Suretyship, Secs. 301–307; Bayliss on Sureties and Guarantors, 240.

LANE & COOPER and M. J. McMURRAY, attorneys for defendant in error.

One of the replications to the special pleas charges that after the supposed extension of time alleged in the pleas, defendant Williams promised to pay the note, etc. If the evidence sustains this charge, then although the time was extended without the consent of Williams

(which we deny), if he afterward with a knowledge of that fact agreed to pay the note, this would bind him for its payment. The First National Bank of Monmouth v. Whitman et al., 66 Ill. 331.

A release by an extension of time is waived where the surety, with notice, afterward makes a partial payment and promises to pay the residue. Hinds et al. v. Ingham, 31 Ill. 400.

The verdict of a jury can not be set aside as against the weight of the evidence, where the evidence is conflicting, and by a fair and reasonable intendment warrants the finding, although the preponderance be the other way. Lowry v. Orr, 1 Gil. 70; Chicago & Alton Railroad Co. v. Shannon, 43 Ill. 338; McKichan v. McBean, 45 Ill. 228; O'Brien v. Palmer, 49 Ill. 72.

If any rule of this court can be so well established as to be neither questioned nor to require the citation of authorities to support it, it is that a verdict will not be set aside whenever there is a contrariety of evidence, and the facts and circumstances, by a fair and reasonable intendment, will authorize the verdict, notwithstanding it may appear to be against the strength and weight of the testimony. Illinois Central Railroad Co. v. Gillis, 68 Ill. 317.

MR. PRESIDING JUSTICE HARKER DELIVERED THE OPINION OF THE COURT.

This writ of error is prosecuted to reverse a judgment for $396.50 recovered against the plaintiff in error and one T. S. Rigsby upon a promissory note executed by them to the defendants in error. Rigsby was defaulted.

The plaintiff in error, who was merely surety on the note, defended upon the ground that after maturity, time of payment had been extended without his knowledge or consent. Upon a trial of that issue, a jury

being waived, the court found for the defendants in error. The instrument by which the extension was granted was delivered to the wife or Rigsby and is as follows:

"This April 13th, 1895.

"In consideration of fifteen dollars, commission to me paid by T. S. Rigsby, I hereby extend the time of payment of a certain note that I, the undersigned, have on the said T. S. Rigsby for $400, with credit of $200 until the first day of June, 1895. Said note being the same one signed by T. S. Williams as security.

"E. J. BANDY."

It was procured pending a suit on the note, which was thereupon dismissed.

Plaintiff in error contends that he had no knowledge of the contract for extension until the day after it was signed. So far as the execution of this particular instrument is concerned, that contention is supported by the evidence. It abundantly appears, however, that the suit was dismissed, and immediate steps to collect the note were abandoned because of his solicitations. Bandy testified that after bringing the suit plantiff in error importuned him on three or four different occasions to withdraw the suit because it would injure his business, and that he signed the instrument and withdrew the suit for that reason.

The rule of law which relieves from liability a surety on a promissory note where an extension of time for payment has been granted, the principal was designed to protect a surety ignorant and innocent of any purpose to extend his liability beyond the time fixed in the note. It was never intended to relieve from liability a surety who had induced the extension or had connived at it; and such seems to have been the attitude of appellant.

The judgment will therefore be affirmed.