## Martha J. Johnston, Ex'x, etc., v. Charles A. Paltzer.

1. PRINCIPAL AND SURETY—*Release by Extension of Time—Deficiency Decree.*—The extension of the time of payment of a mortgage debt made by the mortgagee to a grantee of the mortgagor of the mortgaged premises, after the assumption of the mortgage debt by such grantee, will operate to release the mortgagor from his personal obligation as surety for the payment of the debt, and no deficiency decree can be properly entered against him, unless such extension is with his consent.

2. SURETIES—*Consent to Extension of Time Need Not be by Express Agreement.*—The consent of the surety to the change in the terms of his obligation need not be by express agreement; it may be established by evidence of his tacit acquiescence or ratification.

3. SAME—*Object of the Law Releasing Sureties.*—The rule of law which relieves a surety from his obligation where an extension of the time for payment has been granted the principal, is designed to protect a party ignorant and innocent of any purpose to extend his liability beyond the time fixed in his obligation. It was not intended to relieve from liability one who induces the extension or connives at it.

**Bill to Foreclose a Mortgage.**—Error to the Superior Court of Cook County; the Hon. FARLIN Q. BALL, Judge, presiding. Heard in this court, March term, 1901. Reversed and remanded. Opinion filed February 13, 1902.

**Statement.**—A bill was filed to foreclose a trust deed in the nature of a mortgage upon certain premises in Cook

county.    James Johnston, plaintiff in error's testator, held a second trust deed, or mortgage, upon the same premises, which had been made by defendant in error Paltzer and one McIntosh to secure a promissory note for $12,500.    Johnston filed a cross-bill, by which he sought to foreclose his trust deed, subject to the priority of the first trust deed, and in that proceeding he sought to obtain a personal decree for deficiency against defendant in error Paltzer, who had executed the note evidencing the debt which the Johnston trust deed was given to secure.    After Paltzer and McIntosh had executed the trust deed in question, they conveyed the premises to one Turkington and the latter assumed and agreed to pay the debt secured by the Johnston trust deed.    The defense interposed by defendant in error Paltzer to the right of Johnston to a deficiency decree was that by reason of the assumption of the mortgage debt by Turkington, the latter became the principal in matter of obligation to pay the debt, and Paltzer, in relation thereto, became a mere surety, and that by extending the time of payment of the mortgage debt at the instance of Turkington, Johnston had released defendant in error from any obligation as surety.

At the time of the making of the contract between Turkington and defendant in error and McIntosh for the purchase of the mortgaged premises by Turkington, a writing was made to evidence the terms of the contract.    It is, in part, as follows:

"It is hereby understood by the party of the first part (Turkington) that when the above incumbrances come due they can be extended by the party of the second part; but it is further agreed in case the second mortgage can not be extended, this deal is then subject to new negotiations."

Before the deed of conveyance was made by Paltzer and McIntosh in compliance with the terms of this contract, an oral agreement was obtained from Johnston by Turkington, to the effect that the payment of the second mortgage debt should be extended.    As to the obtaining of this oral agreement to extend the time of payment of the second mortgage debt, Turkington testified that Paltzer and Mc-

Intosh were to get the extension for him, and that he got it done himself. After the making of the oral agreement by Johnston to extend the payment, the deed of conveyance was executed and delivered, by which Turkington, as grantee of Paltzer and McIntosh, assumed and agreed to pay the second mortgage debt.

After the making of the deed of conveyance the following indorsement was made upon the note evidencing the mortgage debt in question:

"In consideration of William Turkington assuming and agreeing to pay the amount of this note, with interest thereon at 6 per cent per annum, which interest is evidenced by his four notes for semi-annual interest, each for $375, the time of payment of the note is hereby extended and made payable on or before two years after July 1, 1894. This and the interest notes to bear interest at 7 per cent after maturity.

WILLIAM TURKINGTON."

The case upon the cross-bill was referred to a master in chancery.

Upon foreclosure the amount of the deficiency was $1,203.22. The master reported, recommending a decree against defendant in error for the deficiency. The court entered an order sustaining exceptions of Paltzer to this report. That order was afterward vacated and a further hearing was had by the court as to Paltzer's consent to the extension of the time of payment of the mortgage debt. After such hearing the exceptions of Paltzer to master's report were again sustained and a decree entered denying any relief by way of deficiency decree against Paltzer or McIntosh.

The decree finds, *inter alia*, that when Paltzer and McIntosh contracted to convey the property foreclosed to Turkington, said contract provided "that when the above incumbrances become due, they can be extended by parties of second part, but it is further agreed in case the second mortgage can not be extended, that this deal is then subject to new negotiations," and "that thereafter and before the property was conveyed from Paltzer and McIntosh to

Turkington, he, the said Turkington, met the cross-complainant, Johnston, who agreed to extend the time of payment," and " that by reason of the extension of the time of payment the defendants McIntosh and Paltzer are no longer personally liable for the payment of the said principal note," etc.

To review the decree this writ of error is prosecuted.

MASTERSON & HAFT, attorneys for plaintiff in error.

JOSEPH WRIGHT, attorney for defendant in error.

MR. JUSTICE SEARS delivered the opinion of the court.

The only ground upon which the court denied relief by way of deficiency decree against Paltzer and McIntosh, the makers of the promissory note secured by the mortgage foreclosed, was that by an extension of time, given by the mortgagee to Turkington, who had bought the premises and assumed the mortgage debt, Paltzer and McIntosh were released from their personal liability.

Upon the assuming of the mortgage debt by Turkington, it is doubtless true that, as between themselves at least, he became the principal in matter of obligation to pay the mortgage debt, and in relation to him his grantors, the original mortgagors, were but sureties. And it has been held in a number of cases that an extension of the time of payment of the mortgage debt, made by the mortgagee to such grantee of the mortgagor, after the assumption of the mortgage debt by the grantee, will operate to release the mortgagor from obligation as surety for the payment of the debt. Calve v. Davies, 73 N. Y. 211; U. M. Life Ins. Co. v. Hanford, 143 U. S. 187.

But in no one of these decisions is it held that such an extension of time of payment will thus release the surety, where the extension is consented to by him. On the contrary, the same rule applies to this species of suretyship as to any other, in that it is only the change in the terms of the obligation, made without the consent of the surety, which operates to release him. If he consent to the exten-

sion, he is still bound by the obligation, changed in its terms with his consent. And wherever our courts have held that a release of a surety has been effected by extension of time of payment, it has been distinctly put upon the ground that the surety did not assent to the extension. Meyers v. First Nat. Bank, 78 Ill. 257; Williams v. Gooch, 73 Ill. App. 557.

And the consent of the surety to the change in the terms of his obligation need not be by express agreement; it may be established by evidence of his tacit acquiescence or ratification. First Nat. Bank v. Whitman, 66 Ill. 331; McHard v. Ives, 5 Ill. App. 400; Kerns v. Ryan, 26 Ill. App. 177; Williams v. Gooch, 73 Ill. App. 557.

In the case last noted, the court said :

" The rule of law which relieves from liability a surety on a promissory note, where an extension of time for payment has been granted, the principal was designed to protect a surety ignorant and innocent of any purpose to extend his liability beyond the time fixed in the note. It was never intended to relieve from liability a surety who had induced the extension or had connived at it; and such seems to have been the attitude of appellant."

Here the extension was not only agreed to by defendant in error, the surety, but it was his undertaking to secure the extension. By his contract, made before Turkington assumed the payment of the mortgage debt and as a condition precedent to such assumption, he and McIntosh undertook to obtain the extension.

Moreover, the extension was in fact obtained before the deed was delivered, by the acceptance of which defendant in error was relieved of primary obligation in relation to Turkington and made a surety only for the payment by Turkington. It can scarcely be held that a change in the terms of the obligation effected before defendant in error became a surety, can operate to relieve him of his liability as surety. It was, as to the mortgage debt, extended by agreement that he become surety. The evidence so shows and the decree so finds in effect. The fact that the written indorsement of the extension upon the back of the note was

made later does not, in our opinion, make the prior oral agreement any the less effective. After the oral agreement was made and the deed of conveyance accepted by Turkington in reliance upon the agreement, Johnston could not have avoided its force because it was not expressed in writing. It was in force and effect by consent of defendant in error when he became surety.

The findings of the decree to the effect that defendant in error and McIntosh contracted to obtain the extension, and that it was in fact obtained before the deed of conveyance was delivered, are inconsistent with the order denying the relief sought by plaintiff in error.

The decree must be reversed and the cause remanded.