## George A. Wyatt v. Elizabeth Dufrene, Ex'x.

1. MORTGAGES—*Mortgagee May Bring an Action Against the Purchaser of the Incumbered Land Who Has Assumed the Mortgage.*—Where a land owner sells real estate upon which he has given a mortgage and the purchaser as part of the consideration assumes the mortgage debt, and agrees to pay the same, the mortgagee, after the debt becomes due, may bring an action against the purchaser and recover the amount due thereon.

2. SAME—*Assumption May be by Parol Agreement.*—It is not necessary that the assumption of the mortgage indebtedness be recited in the deed. It may be by a separate written contract, or by a parol contract.

3. SAME—*Liability of a Grantee Who Assumes a Mortgage.*—A grantee in a deed who agrees, either in writing outside of the deed, or by parol, to assume and pay an incumbrance, to which the premises conveyed to him are subject, will be held upon the agreement, not only by his grantor, but by the owners of the notes, the payment of which he assumes, although his deed contains an express covenant that the premises are free from incumbrance.

4. SAME—*Relation of Grantor and Grantee to Mortgagee.*—A grantee who assumes a mortgage indebtedness upon the premises conveyed to him becomes personally liable in an action at law to pay the same to the mortgagee; the relation of the grantee and the grantor toward the mortgagee is that of principal and surety, and a subsequent agreement by the mortgagee with the grantee, without the assent of the grantor, extending the time of payment of the mortgage debt, discharges the mortgagor from all personal liability.

5. PROMISSORY NOTES—*Payment of Interest in Advance is a Sufficient Consideration for Agreement to Extend Time of Payment.*—Payment of legal interest in advance, is a sufficient consideration for an agreement to extend the time of payment of a promissory note.

6. PRINCIPAL AND SURETY—*Surety Released by an Agreement to Extend the Time of Payment.*—A valid and binding agreement between the principal and the holder of a promissory note to extend the time of payment without the consent of the surety will release the latter from further liability.

7. PLEADING—*General Issue with Notice of Special Matter, and Special Pleas.*—The general issue with notice of special matter and special pleas can not be pleaded at the same time.

Assumpsit, on a promissory note. Appeal from the Circuit Court of Henry County; the Hon. FRANK D. RAMSAY, Judge presiding. Heard in this court at the October term, 1902. Reversed and remanded. Opinion filed January 27, 1903.

CHARLES E. STURTZ, attorney for appellant.

WILLIAM LAWSON, attorney for appellee.

MR. PRESIDING JUSTICE BROWN delivered the opinion of the court.

This was an action of assumpsit upon a promissory note. There was a judgment for the plaintiff for $239.72 from which the defendant appealed.

December 11, 1890, George A. Wyatt, the appellant, for a valuable consideration, executed his promissory note to A. R. Dufrene for $500. The note was dated and the transactions occurred in the State of Nebraska, where both parties then resided. The note was secured by a mortgage on real estate belonging to Dufrene, situated in the city of Omaha. Subsequently Dufrene conveyed the mortgaged premises to the Wyatt-Bullard Lumber Company. The lumber company, as a part of the consideration of the purchase price of the real estate, assumed and agreed to pay the mortgage indebtedness. Dufrene died testate. His wife, Elizabeth Dufrene, the appellee, duly qualified as executrix. The mortgage was foreclosed in the courts of Nebraska. The sale of the property under the foreclosure proceedings left a deficiency. The amount realized from the sale was indorsed upon the note. The judgment in this case was for the amount due upon the note after deducting the amount realized from the sale under the foreclosure proceedings.

The principal question presented by the record is whether the defendant's eighth plea, to which the court sustained a demurrer, presents a good defense. The plea avers the giving of the note to Dufrene; that it was secured by a mortgage on real estate in Nebraska; that defendant subsequently sold the mortgaged premises to the lumber company; that the lumber company, as a part of the consideration of the purchase price of the real estate, assumed and agreed to pay the mortgage indebtedness; that Dufrene had notice of this transaction, and that he received several installments of interest on said indebtedness from the lumber company, and that after the maturity of the note Dufrene, in consideration of the payment of interest in

advance, extended the time of the payment of the note to the lumber company, and that the extension of the time of payment was without the knowledge or consent of the defendant.

Where a land owner sells real estate upon which he has given a mortgage, and the purchaser as part of the consideration assumes the mortgage debt and agrees to pay the same, the mortgagee, after the debt becomes due, may bring an action against the purchaser and recover the amount due thereon. Keedle v. Flack, 27 Nebraska, 836; Dean v. Walker, 107 Ill. 540; Daub v. Englebach, 109 Ill. 267; Drury v. Holden, 121 Ill. 130. Nor is it necessary that the assumption of the mortgage indebtedness be recited in the deed; it may be established by a parol contract. It was held, in Eggleston v. Morrison, 84 Ill. App. 625, which was affirmed in 185 Ill. 577, that it is not necessary that the assumption of a mortgage indebtedness be in the deed. It may be by a separate written contract, or by a parol contract, and a grantee in a deed who agrees, either in writing outside of the deed, or by parol, to assume or pay an incumbrance, to which the premises conveyed to him are subject, will be held upon the agreement, not only by his grantor, but by the owners of the notes, the payment of which he assumes, although his deed contains an express covenant that the premises are free from incumbrance. Upon the assumption of the mortgage indebtedness by the lumber company, the latter became the principal and Wyatt the surety, as between themselves. True, this relation did not then bind Dufrene, nor release Wyatt from his situation as principal to Dufrene, and when Dufrene learned of the transaction he was under no obligation to release Wyatt as principal or to accept the lumber company as principal. But notice to Dufrene that the lumber company had assumed the debt was also notice to him that as between Wyatt and the lumber company, the former had become a surety and the latter the principal. If Dufrene thereafter treated the lumber company as his principal, he was bound by his election, and thereafter the

lumber company was his principal and Wyatt the surety; and a valid agreement thereafter by Dufrene with the lumber company extending the time of payment without the consent of Wyatt would release the latter from liability upon the note. Pratt v. Conway, 148 Mo. 291; Calvo v. Davies, 73 N. Y. 211. The United States Supreme Court in determining a similar question which was controlled by the law of this state in Union Life Insurance Company v. Hanford, 143 U. S. 187, held that under the law of Illinois, a grantee who assumed a mortgage indebtedness upon the premises conveyed to him became personally liable in an action at law to pay the same to the mortgagee; that the relation of the grantee and the grantor toward the mortgagee was that of principal and surety; therefore a subsequent agreement by the mortgagee with the grantee, without the assent of the grantor, extending the time of payment of the mortgage debt, discharged the mortgagor from all personal liability. Payment of legal interest in advance, is a sufficient consideration for an agreement to extend the time of payment of a promissory note. Crossman v. Wohlleben, 90 Ill. 537; English v. Landon, 181 Ill. 614. It is well settled in this state that a valid and binding agreement between the principal and the holder of a promissory note to extend the time of payment without the consent of the surety will release the latter from further liability. Home National Bank v. Estate of Waterman, 134 Ill. 461; McCartney v. Ridgway, 160 Ill. 129. We hold that the plea stated a good defense and the court committed reversible error in sustaining the demurrer to the same. Several of the Nebraska records introduced by the parties were not duly certified under the act of congress. We call attention to this fact that the defects may be remedied before another trial.

The record also presents the question of the right of the defendant to plead the general issue with notice of defenses and at the same time to file special pleas. The statute and authorities seem to be explicit on this question. The

statute provides "the defendant may plead as many matters of fact in several pleas as he may deem necessary for his defense, or may plead the general issue, and give notice, in writing, under the same, of the special matters intended to be relied on for a defense on the trial; under which notice, if adjudged by the court to be sufficiently clear and explicit, the defendant shall be permitted to give evidence of the facts therein stated, as if the same had been specially pleaded and issue taken thereon." The statute does not give a defendant the right to plead specially, and also give notice of the special matter relied on as a defense under the general issue. Benjamin v. McConnell, 4 Gilm. 536. The general issue with notice of special matter and special pleas can not be pleaded at the same time. Gilmore v. Nowland, 26 Ill. 200. We hold that the defendant by filing the special pleas has abandoned his notice filed with the general issue.

For the error indicated the judgment of the Circuit Court will be reversed and the cause remanded.