## John M. Berry v. S. Kingsbaker.

### Gen. No. 11,509.

1. SET-OFF—*when incompetent under pleadings.* The defendant cannot make the defense of usury under a special plea and then give evidence tending to prove a set-off under a notice of special matter. In order to render the defense of usury competent, an additional plea of set-off should have been interposed.

2. VERDICT—*interest allowable upon.* Interest may be allowed upon a verdict from the time of its rendition to the time of the entry of a judgment thereon, and where such amount not being allowed is more than the equivalent of the excess of the verdict over which it should have been rendered, the error in the verdict is deemed to have been cured.

Action of assumpsit, Appeal from the Superior Court of Cook County; the Hon. JOSEPH E. GARY, Judge presiding. Heard in the Branch Appellate Court at the October term, 1903. Affirmed. Opinion filed February 10, 1905.

**Statement by the Court.** In an action of assumpsit on a promissory note given by defendant to plaintiff for $2,600, payable sixty days after date with interest at six per cent., upon which was endorsed a payment of $500, the defendant pleaded *non assumpsit* and a special plea of usury in that the note was for $2,600 when the amount of money received thereon was only $2,500. He filed with his pleas a notice of set-off which stated that the plaintiff was indebted to the defendant in the sum of $492 for rent and in a like sum for goods sold, money lent, money had and received, services rendered, etc.

Upon the trial the plaintiff put the note in evidence and rested. The defendant was called as a witness and testified that he received but $2,500 when the note was given, and the plaintiff then admitted that $500 had been paid and that defendant had been given only $2,500 on the note. Defendant then offered evidence tending to show that the plaintiff was indebted to him, and the court excluded the evidence and instructed the jury in writing to find a verdict for the plaintiff for $2,000.

Berry v. Kingsbaker.

Afterwards upon the statement of defendant that the parties had made a settlement as to the amount due on the note and the amount due from plaintiff to defendant for rent and had agreed that the balance due plaintiff from defendant February 2, 1903, was $1,734, the instruction was withdrawn and the defendant permitted to offer further evidence. The defendant then gave evidence tending to show that the parties came to an agreement, as stated; that the balance due from defendant to plaintiff February 2, 1903, was $1,734; that plaintiff prepared a note for that amount, payable fifteen days after date, and gave it to defendant to be signed by the defendant and a surety for him and that defendant was unable to obtain the signature of the surety and therefore the note was not delivered to the plaintiff. He then offered to show that the note so agreed upon contained usury, and the court upon the objection of the plaintiff excluded the evidence. The case was then submitted to the jury with an instruction "to find for the plaintiff a verdict for $2,000 if there was no settlement as to the amount due from the defendant to the plaintiff. If there was a settlement that on February 2, 1903, the defendant owed the plaintiff $1,734, then the verdict should be $1,759.29." May 18th the jury returned a verdict in favor of the plaintiff for $1,759.29. From this plaintiff remitted $23.50, and the court June 8th overruled defendant's motion for a new trial and entered judgment against him for $1,735.79, and the defendant appealed.

BURTT & KRIETE, for appellant.

HELMER, MOULTON & WHITMAN, for appellee.

MR. PRESIDING JUSTICE BAKER delivered the opinion of the court.

If the defendant had filed with his special plea of usury a plea of set-off he would have had the right to offer evidence to prove the set-off as well as the usury, but he could not make the defense of usury under a special plea and give evidence to prove a set-off under a notice of

special matter.   He gave evidence in support of his plea of usury and thereby waived his notice of set-off.   Wyatt v. Dufrene, 106 Ill. App. 214, and cases there cited.

No doubt where a note is given in renewal of another note, upon a proper plea, usury in the transaction out of which the first note grew may, as between the original parties, be shown.   But the note which the evidence of the defendant tends to show, it was agreed should be made, dated February 2, 1903, and signed by defendant and a surety, was never completed.   The suit was upon the original note.   The evidence as to the proposed note of February 2, 1903, was offered to prove that the parties then agreed that the sum of $1,734 was the amount due from defendant to plaintiff.   The defendant was entitled to prove such an agreement under his plea of *non assumpsit*, but was not entitled, first, to prove such an agreement and then to prove that the amount so agreed upon included usury or other illegal or improper items or charges in favor of the plaintiff and against the defendant.

The amount of the judgment is but one dollar and seventy-nine cents more than the amount defendant's evidence tends to show the parties agreed upon as the balance due from defendant to plaintiff.   Twenty-one days intervened between the verdict and the judgment and under the statute (R. S., Sec. 2, Chap. 74,) interest on a verdict from the time it is rendered to the time of judgment is to be included in and made a part of the judgment.   The interest on $1,734 for twenty-one days is more than one dollar and seventy-nine cents.

The judgment of the Superior Court will be affirmed.

*Affirmed.*