DETERMINED IN THE

## FIRST DISTRICT

OF THE

# APPELLATE COURTS OF ILLINOIS

### DURING THE YEAR 1912.

---

## Henry M. Bascom, Appellant, v. Luta E. Fox et al., Appellees.

## Gen. No. 15,956.

1. JUDGMENTS—*when action of court in opening, not preserved for review.* In the absence of an exception preserved by bill of exceptions an order of court opening a judgment and granting leave to plead is not preserved for review.

2. SURETYSHIP—*when surety discharged.* If a conveyance of real estate is made and the grantee assumes and agrees to pay the indebtedness mentioned in a note and mortgage on said real estate, the grantors become sureties upon the obligation and a release of the lien of the mortgage without the consent of such surety, operates to discharge his personal liability.

Judgment by confession. Appeal from the Superior Court of Cook county; the Hon. BEN M. SMITH, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1909. Affirmed. Opinion filed January 16, 1912.

EDWARD F. COMSTOCK and RECTOR C. HITT, for appellant; JESSE WILCOX, of counsel.

JAMES A. PETERSON, for appellees.

MR. JUSTICE SMITH delivered the opinion of the court.

(1)

A confession of judgment in favor of appellant, Henry M. Bascom, and against Luta E. Fox and Frank W. Fox, appellees, was entered in the Superior Court of Cook county, on February 10, 1902, for $2,233 and costs.

On April 20, 1908, on motion of appellees, defendants, the court opened the judgment and gave the defendants leave to plead within fifteen days, the judgment to stand as security; and the cause was reinstated upon the docket and the calendar of the court. The defendants pleaded the general issue and special pleas setting forth that to secure the note declared on the defendants executed and delivered a certain trust deed of the same date, which was duly recorded in the office of the recorder of deeds of Cook county, Illinois, conveying to Lyman E. Baird, as trustee, lot 6 and the southeasterly ten feet of lot 5 in block 4 in Norwood Park; that the defendants conveyed the real estate above described to Frank J. Stanley by warranty deed, dated August 23, 1895, reciting in the conveyance that it was made subject to the trust deed of $2,000, and setting forth various mesne conveyances by which the title to the property on June 13, 1899, was vested in William Worthy, and that William Worthy and his wife conveyed the real estate described to Sidney O. Nicholson by warranty deed, dated March 15, 1891, which was duly recorded, and which deed recited that the said conveyance was subject to an encumbrance of $2,000 and interest, which the said grantee assumed and agreed to pay. The plea further sets forth conveyances from said Nicholson to George Q. Nicholson, and from George Q. Nicholson to Laurene G. Blackman, and that Blackman on or about November 15, 1901, conveyed the above described real estate to Charles F. Marsh, subject to the trust deed above described, in consideration of one dollar; and that the real consideration was one hundred dollars, which was paid by

Baird & Warner as the agents of appellant, Henry M. Bascom, and that Marsh paid nothing for the conveyance, and only accepted the same as trustee for Bascom, and for Baird & Warner, his agents; and that thereafter on the 17th day of August, 1906, Marsh and wife conveyed the property above described to Nels Jansson, which deed was also duly recorded, and on August 16, 1906, the said Lyman Baird, as trustee, made and executed a release deed releasing unto appellees the above described property.

Replications were filed to the pleas of the defendants, and on trial the jury rendered a verdict for the defendants, appellees. A motion for a new trial was overruled, and judgment was entered on the verdict. From this judgment appellant prosecutes this appeal.

In appellant's brief his contentions are stated as follows:

"Appellant contends that the court should not have opened up the judgment of February 10, 1902, and that it was not a proper case for a jury; that the judgment is not sustained by the evidence; that if there were proper credits the judgment should have been reduced and not set aside; that the judgment of the court should have been that there be endorsed $1,533.51 paid as of July 27, 1906, on said judgment, and that the judgment as thus reduced stands."

In the brief of appellant it is urged that due diligence is required of an applicant in opening a judgment. Such application should be made at the earliest opportunity, and it was not necessary to set aside the judgment if it was too large, but it should have been reduced, so as to stand for the sum due after deducting any credits.

The record shows that appellant attended court and resisted the motion to open the judgment, and that no exception was preserved to the order of the court opening the judgment and granting the defendants leave to plead. We are of the opinion that the point

was not preserved by the record, and that appellant waived and cannot urge here as error the opening of the judgment and the granting leave to plead. Prall v. Hunt, 41 Ill. App. 140.

Relative to the defense to the action shown by the record, it appears that appellant, Bascom, became the owner of the note shortly after the note and trust deed to secure the same were given; and it further appears that appellant became the owner of the property upon the conveyance to Marsh above mentioned. Marsh was a mere holder of the title to the property, as trustee, without any duties to perform, and Bascom became thereby the owner of the fee as well as the owner of the note and mortgage, Marsh being a mere naked trustee. There was, therefore, a merger of the mortgage and the fee, and by the release of the debt by the trustee without the knowledge and consent of appellees, the debt evidenced by the note was thereby discharged. Witham v. Brooner, 63 Ill. 344; Ward v. Armstrong, 84 Ill. 151; Forthman v. Deters, 206 Ill. 159, 171.

It further appears from the evidence in the record that in the conveyance from William Worthy and wife to Sidney O. Nicholson, above mentioned, the grantee assumed and agreed to pay the indebtedness mentioned in the note. Appellees from that time forth were sureties for the payment of the note, and the property itself was the primary fund out of which the note in suit was to be paid. By the release of the property from the lien of the trust deed, without the consent of appellees, appellant discharged appellees from their personal liability on the note. Lilly v. Palmer, 51 Ill. 331; Donk v. St. Louis G. Co., 17 Ill. App. 369; Jones on Mortgages, 1226.

We are of the opinion, therefore, that the evidence in the case shows a discharge of the indebtedness against appellees, and the release of all personal liability on their part for the indebtedness evidenced by

the note, and that a complete defense was shown to the note sued on.

The record is without error, and the judgment is accordingly affirmed.

*Affirmed.*