Joseph Slotkowski, Appellee, v. Alexander J. Zukauskas et al., Appellants.

Gen. No. 33,894.

Heard in the first division of this court for the first district at the October term, 1929. Opinion filed June 30, 1930.

HERMANN P. HAASE, for appellants.

JOHN CHARLES LEWE, for appellee.

MR. PRESIDING JUSTICE MATCHETT delivered the opinion of the court.

This appeal is by certain defendant owners from a decree of foreclosure. The cause was heard upon exceptions of defendants to the report of a master to whom it had been referred, and these exceptions were overruled and a decree entered as prayed by complainant.

The facts appear to be that on March 17, 1925, Alexander Zukauskas and Helen Zukauskas, his wife, made their principal promissory note for the sum of $4,400, with interest at 6 per cent per annum, payable two years after date to the order of themselves; that to secure the payment of said note they made a trust deed conveying the premises in the decree described to B. F. Mastauskas, as trustee; that the note and trust deed were delivered to Paul Bernowsky, who sometime in the spring of 1926 transferred the same for value to complainant, Slotkowski. Some time after the making of the trust deed the premises seem to have been conveyed to defendants and appellants, Mamert Piotrowski and Josephine Piotrowski, his wife. The exact date of the transfer does not appear, nor does the record show whether at that time the Piotrowskis assumed and agreed to pay this indebtedness. The bill alleges, however, and the answer admits that they were the owners of the premises on September 19, 1928. The answer further avers that on March 17, 1927, defendants paid the note in full and that they are not indebted to complainant or any other person on account of said note.

This is the only defense averred in the answer; but defendants contend here, apparently for the first time, that complainant at the request of Zukauskas agreed to extend the time of payment of the principal note, first, for 30 days and afterwards for an additional 30 days, and that, on the authority of *Albee v. Gross,* 250 Ill. App. 98, and *Metz v. Dionne,* 250 Ill. App. 369, defendant purchasers were released by such extension.

There are several reasons why this defense cannot avail. In the first place, that defense was not set up in the answer and was not an issue upon the trial; in the second place, the evidence which we have examined fails to show a valid and binding agreement for an extension, and in the third place, the decree does not find

that Mamert and Josephine Piotrowski are personally liable for the debt or any deficiency after sale.

The alleged defense of payment has little, if any more, merit. The master found that interest had been paid on the indebtedness up to and including October 1, 1928, but that no interest or any part of the principal had been paid thereafter.

The evidence shows that defendant owners did not at any time personally come into contact with complainant, but that Bernowsky made payments of interest to complainant from time to time and that when default was made in these payments complainant took the matter up with Bernowsky, who in turn took it up with the makers of the note, and they in turn informed Piotrowski of the situation.

The evidence indicates that in 1927, Piotrowski executed and gave a mortgage to Zukauskas on real estate situated on 61st Street, the agreement with Zukauskas being that he would cash this $7,000 mortgage and pay the note held by complainant. There is no evidence, however, tending to show that Zukauskas was the agent of complainant in this transaction. The preponderance of the evidence clearly shows that complainant's note was not paid. It is fair to assume that if it had been paid a release would have been demanded and given.

Bernowsky testified that complainant told him that if the interest was not promptly paid he would start foreclosure; that he went to see Piotrowski about the matter; that Piotrowski told him to call Zukauskas, who would advance the money for him; that at the request of Piotrowski he talked with Zukauskas and told him that he would come over and that he, Zukauskas, would give him the money. Bernowsky further testified that on two occasions thereafter Zukauskas gave him money to pay the interest.

The evidence tends to show that Piotrowski gave a mortgage to Zukauskas and that Zukauskas agreed to pay off this indebtedness to Slotkowski out of the proceeds; but this comes short of proving payment.

The equities as between Zukauskas and Piotrowski are not here in issue. As between the parties to this record the decree is just and it is affirmed.

*Affirmed.*

O'CONNOR and McSURELY, JJ., concur.