SAMUEL SILSBURY, impleaded with Samuel Smith and John C. Smith, Plaintiff in Error, *v.* PETER BLUMB, Defendant in Error.

### ERROR TO PEORIA.

Where A, the owner of a distillery, contracted with B to furnish a certain amount of slops to feed cattle; agreeing to deduct from the price, what B might expend in erecting pens for his cattle, A furnishing the lumber; changes being afterwards desired in the plan of the pens, A consented thereto, but refused to furnish any lumber, but agreed to make the deduction from the price of the slops; in an action by C against B for the pens, held that A was a competent witness for C, because if interested, his interest was against the party calling him. Held also, that parol evidence was admissible to prove the agreement between A and B, which was in writing, C not being a party thereto.

THIS was a suit commenced by attachment before Smith, J. P., under extended jurisdiction of Peoria county.

Judgment for plaintiff against Silsbury and Samuel Smith, for $126.08.

Appeal by Silsbury to Circuit Court. Trial by jury as to him, and verdict for same amount. Motion for new trial overruled, and judgment.

The bill of exceptions shows, that the cause of action was an account for hardware, amounting to $176.32. Credits of $250 indorsed. Plaintiff below disclaimed any other cause of action; alleged contract to furnish the hardware, and defendant below denied any such contract and all liability for such hardware, and insisted that if said plaintiff had any cause of action, it was against Charles R. Carroll, etc.

*Carroll* was called as a witness, and testified that Samuel W. Silsbury and said John C. Smith and Calvin P. Smith and one Smith Frye, composed the firm of " Smith Frye, J. C. Smith & Co. ;" that at or about that time said firm contracted with said witness to furnish distillery slops to feed a quantity of cattle at the distillery of the witness; that this contract was in writing; that he (witness) did not agree to furnish cattle pens or stables for said cattle; that said Frye & Smith & Co. contracted with said plaintiff to build such cattle pens or stables, and he (witness) agreed to allow to said firm the cost of such pens out of the price of the slops to be furnished by him for the feeding of said cattle; that said contract in writing did not truly state the

agreement between witness and said firm, in this, that the material which was supposed to be sufficient for the purpose had already been furnished before the written contract was drawn up, and therefore the written contract was only in relation to the building; that a change was afterwards made in the stalls—some old ones torn away and new ones put in their places, and the plan otherwise altered, and more stalls. Witness never employed plaintiff to do any of the work, but he was employed by the defendants; that said Frye & Smith & Co. contracted with the plaintiff to build said pens or stables and bought the material therefor, except what was furnished by the plaintiff. That by the agreement aforesaid, he (witness) was to furnish the labor to put up said pens or stables, under the original contract, and said Frye & Smith & Co. were to furnish the materials to construct the same, and that the price of such materials was to be deducted from the amount said firm were to pay him for said slops; that at the time the change in the plan was made, witness had paid out for said work over $1,000 to build the pens, and refused to pay out any more, but agreed with defendants if they had the change made, and paid for it, it might be deducted out of the pay for the slops; that said Frye departed this life before the commencement of this suit; that he (witness) had lately sued said Silsbury and said John C. Smith and Calvin P. Smith for the price and value of said slops, and that said suit had lately been compromised and settled by the payment of a part of the sum sued for; witness supposed that the sum for which the present action was brought by Blumb was deducted from the amount claimed in said suit of witness against said firm, and allowed to said survivors of said Frye & Smith & Co. Said defendant exhibited to said witness an instrument in writing, which said witness identified as the contract first above mentioned between him and said Frye, Smith & Co. Said witness further testified, that such materials as are mentioned in the account above mentioned were furnished and used by said Blumb about the building of said stables; that plaintiff's account is correct, and he furnished the items there charged at said prices, and that witness had no interest whatever in the event of this suit.

There was a motion to exclude Carroll's testimony, for the following reasons:

The same is incompetent for this, that the said witness is interested in the event of this suit, in that by securing a recovery against said defendants he avoids an action against himself for the amount in controversy.

That said testimony is incompetent to contradict or change

the contract in writing identified by said witness; but that said contract must be used as the best evidence in the case.

Motion overruled, and exception taken.

Offer of contract in writing identified by witness Carroll, for following reasons:

First to contradict the testimony of said witness touching the liability of said defendant for the amount claimed in this suit, or any part thereof.

As the best, and therefore the only admissible evidence in the case in that behalf.

Verdict for the plaintiff below for $126.08.

Motion for new trial by the said Silsbury, for the following reasons:

Said verdict is contrary to the evidence in the case.

Said verdict is against the law of the case.

The court excluded proper evidence offered by the defendant.

The court admitted improper evidence for the plaintiff, against the objection of the defendant.

The court gave improper instructions for the plaintiff, against the objection of the defendant.

The court refused proper instructions prayed by defendant.

Said verdict is otherwise informal, insufficient, and contrary to the law of the land.

Motion overruled, and exception taken. Judgment on verdict.

The errors assigned are, that:

The said Circuit Court erred in overruling the motion of said Samuel Silsbury to exclude the testimony of the witness, Charles R. Carroll.

And in excluding from the jury the contract in writing offered by said Silsbury.

And in overruling the motion of said Silsbury to exclude the instructions prayed by said Peter Blumb.

And in denying the motion of said Silsbury for a new trial of said cause.

And in giving judgment upon the verdict for said Peter Blumb.

CHARLES C. BONNEY, and JOHN D. ROUSE, for Plaintiff in Error.

M. WILLIAMSON, for Defendant in Error.

WALKER, J. It appears, from the evidence in this case, that Frye, Smith & Co. contracted with Charles R. Carroll for slops, to feed a quantity of cattle, at his distillery. Carroll, by the

agreement, was not to furnish pens or stables for the cattle. Frye, Smith & Co. contracted with defendant in error to build the pens. Carroll, however, agreed to allow Frye, Smith & Co. the cost of the pens, out of the price of the slops. Carroll furnished and paid for the lumber employed in erecting the pens, and Frye, Smith & Co. were to furnish the labor, and other materials. After the work had progressed to some extent, Carroll refused to furnish anything to make changes and alterations which were desired in the plan of the work, but authorized Frye, Smith & Co. to make the alterations, furnish the material, etc., and he would allow the cost out of the price of the slops. They made the change in the plan, and had the work completed.

It is first objected, that Carroll, who was called by defendant in error, was incompetent as a witness, because he was interested in the event of the suit. If he had any interest, it was manifestly against the party calling him, and he undoubtedly had the right to call him against his own interest. It is true, that whatever judgment defendant in error might recover against the survivors of Frye, Smith & Co., Carroll would be liable, even to them, under his agreement. It was then his interest to reduce the amount of the recovery by defendant in error, as any reduction his evidence might produce would be his gain, on a settlement with the survivors of Frye, Smith & Co. We are unable to perceive, that in any event, it would be to his interest to increase the amount of the recovery.

It is again urged, that the court below erred in admitting parol evidence of the agreement, when it is insisted that there was a written contract. The objection is not well taken, as the written agreement was between plaintiffs in error and Carroll, and there is nothing in the record showing that defendant in error was a party to it, or had any knowledge of its existence. He cannot be bound by it, nor can it in any manner furnish evidence of the terms or conditions of the agreement under which he furnished these materials. He was a stranger to that agreement, and by any known rule of law, he cannot be bound by its provisions. There was therefore no error in admitting the parol evidence, and in excluding the written agreement.

The evidence clearly shows, that defendant in error furnished the items charged in his account, paid for them, and applied them to the use of plaintiff in error and his partners. It also appears that the firm was, by the agreement with Carroll, to furnish them, and he was to allow the firm for their value, out of the price of the swill which he was to furnish them. Having employed defendant in error to furnish these materials, the firm of Frye, Smith & Co. were alone liable to pay him. There is

nothing in this record which tends to prove that Carroll ever agreed, or was in any way liable, to pay defendant in error for these materials, or that defendant ever agreed to look to him for payment. Nor are the circumstances such as the law will imply a promise on the part of Carroll to pay for them, as his undertaking was with Frye, Smith & Co. alone, and not with defendant in error. For these reasons, we are of the opinion that the judgment of the court below must be affirmed.

*Judgment affirmed.*