The Northern Assurance Company of London

*v.*

The Chicago Mutual Building and Loan Ass'n.

*Opinion filed October 25, 1902.*        ,

1. Evidence—*limitation on rule forbidding parol testimony to contradict deed.* The rule that parol testimony is not admissible to contradict or vary a written instrument applies only to the parties to the instrument or those in privity with them.

2. Same—*what competent to rebut evidence of change of ownership of insured premises.* In an action by a loan association on an insurance policy on property of its mortgagor, if the company introduces deeds in evidence to show a change of ownership of the insured property in violation of a clause of the policy, the loan association may show that the first deed was made by the mortgagor to the secretary of the association to avoid a foreclosure, and the second to his successor, and that both held title for the association. (*German Ins. Co.* v. *Gibe*, 162 Ill. 251, adhered to.)

*Northern Assur. Co.* v. *Chicago B. & L. Ass.* 98 Ill. App. 152, affirmed.

Appeal from the Appellate Court for the First District;—heard in that court on appeal from the Superior Court of Cook county; the Hon. Theodore Brentano, Judge, presiding.

Myron H. Beach, for appellant:

Upon a breach by a mortgagee of the conditions of a mortgage clause attached to a policy of insurance the mortgage clause ceases to be operative, and the stipulations in the original policy come into force. *Ormsby* v. *Insurance Co.* 58 N. W. Rep. 301.

Parol evidence is inadmissible to contradict or vary the terms of a written instrument. *Marshall* v. *Gridley*, 46

Ill. 247; *Robinson* v. *McNeil,* 51 id. 225; *Conwell* v. *Railroad
Co.* 81 id. 232; *Webb* v. *Rice,* 6 Hill, 219; *Stevens* v. *Cooper,*
1 Johns. Ch. 425.

A contract of insurance must be interpreted according
to the intentions of the party making it. *Dix* v. *Insurance
Co.* 22 Ill. 372; *Insurance Co.* v. *Hauslein,* 60 id. 521.

Oral testimony should not be admitted to show that
deeds absolute on their face are conditional. *Finlon* v.
*Clark,* 118 Ill. 32; *McGinnis* v. *Fernandes,* 126 id. 228.

SAMUEL B. KING, for appellee:

The deeds were not violations of the provisions of the
policy against change of ownership, because the grantors
therein had no legal title, the legal title then being in
the mortgagee after condition broken. *Ware* v. *Schintz,*
190 Ill. 189; *Barrett* v. *Hinkley,* 124 id. 32; *Railway Co.* v.
*Drainage Comrs.* 134 id. 384.

The deeds did not constitute such a change of own-
ership as violated the provision of the policy against
change of ownership, because both the grantors and
grantees in said deeds testified that they were given as
further security only to the mortgage held by appellee.

Every deed conveying real estate, which shall appear
to have been intended only as a security in the nature
of a mortgage, though it be an absolute conveyance in
terms, shall be considered a mortgage. (2 Starr & Cur.
Stat.—2d ed.—chap. 95, p. 12.) And this applies to the
question whether an alienation clause of an insurance
policy is violated by a deed which is shown to be intended
as a mortgage only. *Insurance Co.* v. *Gibe,* 162 Ill. 251; *West*
v. *Frederick,* 67 id. 191; *Gillespie* v. *Hughes,* 86 Ill. App. 202;
*Tillson* v. *Moulton,* 23 Ill. 600.

Mr. JUSTICE BOGGS delivered the opinion of the court:

On December 5, 1895, one R. E. Taylor borrowed $2800
from the appellee association, and secured the payment
thereof by a mortgage on certain premises whereon stood .

a frame dwelling house. The appellant company issued a policy to Taylor insuring the building against loss or damage by fire to the amount of $1400, for the term of three years, and attached thereto a clause which, so far as here important to be considered, is as follows: "Loss, if any, payable to the Chicago Mutual Building and Loan Association, mortgagee or trustee, as hereinafter provided; it being hereby understood and agreed that this insurance, as to the interest of the mortgagee or trustee, only, therein, shall not be invalidated by any act or neglect of the mortgagor or owner of the property insured, nor by the occupation of the premises for purposes more hazardous than are permitted by the terms of this policy: * * * *Provided also*, that the mortgagee or trustee shall notify this company of any change of ownership or increase of hazard which shall come to his or their knowledge, and shall have permission for such change of ownership or increase of hazard duly indorsed on this policy." Taylor conveyed the property to one Matilda Anderson and assigned the policy to her. The appellant company assented to this change of ownership of the premises and to the assignment of the policy. The dwelling house was totally destroyed by fire on November 22, 1898. The appellee association, in an action of assumpsit on the policy, recovered judgment against the appellant company in the superior court of Cook county in the sum of $1539.26. The Appellate Court affirmed the judgment, and this is an appeal to review the judgment of the Appellate Court.

A clause in the policy declared the insurance should be void if any change should take place in the interest, title or possession of the subject of the insurance. The appellant company, in support of the defense which it sought to make that there had been a change in the title to the property, produced in evidence a deed from Matilda Anderson and husband conveying the property to one William T. Hoig, and also a deed from said Hoig con-

veying the property to William J. Turnes. These deeds were in the ordinary form of statutory quit-claim deeds.

The trial court, over the objection of the appellant company, permitted the appellee association to prove that the mortgagor, Matilda Anderson, was in default in the payment of interest on her loan and premiums on her shares of stock according to the provisions of the mortgage, and that the association notified her that the mortgage would be foreclosed; that it was agreed between them, to avoid foreclosure, that Mrs. Anderson should convey the mortgaged property to the association as security for the loan, to be re-conveyed to her whenever the indebtedness to the association should be paid, or if not paid within a reasonable time, the property should be sold, the mortgage debt paid, and the remainder, if any, paid to Mrs. Anderson; that in pursuance of that arrangement Mrs. Anderson executed the said quit-claim deed to said Hoig, who was secretary of the appellee association; that said Turnes succeeded said Hoig as such secretary, and for that reason the deed was executed from Hoig to said Turnes; that both Hoig and Turnes held for the association. The ground of objection to this testimony is, that parol evidence was not admissible to vary or contradict the deeds, which, upon their face, were unconditional conveyances.

Counsel for the appellant company concedes that under our ruling in *German Ins. Co.* v. *Gibe*, 162 Ill. 251, the testimony in question was admissible, but request a re-examination of the doctrine there announced. The view of counsel that the ruling in the *Gibe case* is unsound is based upon his assertion that it cannot be reconciled with the well established general rule of evidence that oral testimony is not admissible to contradict or vary the terms of a written instrument. This was the precise question presented in the *Gibe case*, and a patient consideration of all that counsel has advanced has not served to convince us we were then in error. In addition to

what we said in disposing of that case we may remark that the rule of evidence referred to by counsel, that parol testimony is inadmissible to contradict or vary a written instrument, applies only to the parties to the instrument or their privies. (1 Greenleaf on Evidence, sec. 279; *Silsbury* v. *Blumb*, 26 Ill. 287; *Harts* v. *Emery*, 184 id. 560; 17 Am. & Eng. Ency. of Law,—1st ed.—453.) The appellee association was not named as a party in either of the deeds, but if regarded as privy thereto the deeds were introduced by one not a party to them, and it was competent for the appellee association to introduce proof to show the deed was not absolute, but a conditional conveyance. 17 Am. & Eng. Ency. of Law, (1st ed.) 454, citing *Venable* v. *Thompson*, 11 Ala. 147.

Counsel for the appellant company contends the deeds operated to effect a change of ownership of the property and to increase the hazard, and that the mortgage clause attached to the policy made it a condition upon which the right of recovery depended that the appellee association should notify the appellant company of any change of ownership or increase of hazard which came to its knowledge. Notice of the execution of the deeds was given to one J. H. Chamberlain, who, there was evidence tending to show, was the agent of the company. That Chamberlain, at the time of the issuing of the policy and at the time of the assignment thereof by Taylor to Mrs. Anderson, was the agent of the company was conclusively shown. Whether that relation existed at the time of the execution of the deeds was a question of fact, in the determination whereof it is not contended any error of law intervened. It is not, therefore, open for examination in this court.

The judgment must be and is affirmed.

*Judgment affirmed.*