### C. Lane & Co., Appellees, v. Western Union Telegraph Company, Appellant.

1. CONTRACTS—*when may be varied by parol.* The rule that parol evidence is not admissible to vary the terms of a written instrument can only be invoked by the parties to the contract or those in privity with them.

2. TELEGRAPH COMPANIES—*when failure to deliver telegrams authorizes recovery.* If a telegraph company fails to deliver a telegram within a reasonable time and a loss proximately results therefrom, a recovery against such company will be sustained.

Assumpsit. Appeal from the Circuit Court of Vermilion county; the Hon. JAMES W. CRAIG, Judge, presiding. Heard in this court at the November term, 1908. Affirmed. Opinion filed May 19, 1909. Rehearing denied June 30, 1909.

EVANS & TAYLOR, for appellant; GEORGE H. FEARONS, W. L. GOSS and WEST, ECKHART & TAYLOR, of counsel.

O. M. JONES, for appellees.

MR. PRESIDING JUSTICE PUTERBAUGH delivered the opinion of the court.

This is an action in assumpsit by appellees for the recovery of damages resulting from the failure of appellant to deliver within a reasonable time a certain telegram sent by appellees to the E. F. Connell Land Company at Hereford, Texas, whereby they lost commissions on a certain land deal. The message in question was delivered to appellant for transmission on January 19, 1907, but was not received by the Land Company until January 24, 1907. To the declaration a plea was interposed admitting the delay and confessing damages to the extent of $1.50, the amount of charges for transmitting and delivering the telegram, but denying any other or further damage.

The plea further avers that the message in the declaration mentioned was the last one of a series transmitted by appellees to the Land Company over the wires of appellant.

"Jan. 3, 1907.

E. F. Connell Land Co.

Hartz know in day or two about trade—see letter.

C. Lane & Co."

"Jan. 10, 1907.

E. F. Connell Land Co.

Hartz will take two sections at fifteen or three sections at fourteen. We will take five hundred cash commission. Will forward contract signed if accepted. Wire answer.

C. Lane & Co."

"Jan. 10, 1907.

C. Lane & Co.

Can close deal on three sections at sixteen, nothing less.

E. F. Connell Land Co."

"Jan. 12, 1907.

E. F. Connell Land Co.

If we can get Hartz contract three sections at fif-

teen will you pay us five hundred commission. Wire answer.

C. Lane & Co."

"Jan. 13, 1907.

C. Lane & Co.

Will pay five hundred commission in second lien notes against Minn. land less fifty dollars your part of automobile hire this at fifteen. Answer.

E. F. Connell Land Co."

"Jan. 18, 1907.

C. Lane & Co.

If you can guarantee loan of ten thousand dollars on four hundred eighty acres deal is made. Answer on or before the twentieth, otherwise deal off.

E. F. Connell Land Co."

"Jan. 19, 1907.

E. F. Connell Land Co.

Deal closed per your telegram. Hartz guarantees ten thousand dollars on four hundred eighty acres. Letter follows.

C. Lane & Co."

Appellees by their replication averred that prior to the sending of the messages in question it had been verbally agreed between the Land Company and appellees that if any loan was guaranteed it should be guaranteed by Hartz and not by appellees, and that the word "you" in the telegram dated January 18th, was intended by the Land Company to refer to Hartz, and that it was so understood by appellees and by the Land Company. Appellant demurred to said replication upon the ground that the contract referred to being in writing could not be varied by parol evidence. The demurrer was overruled by the court, and upon appellant abiding thereby damages were assessed and judgment rendered against appellant for $450. The demurrer to the replication was properly overruled. The rule that parol evidence is not admissible to vary the terms of a written contract can only be invoked by the parties to the contract or those in priv-

ity with them.  Assurance Co. v. Building Assn., 198 Ill. 474.

The contention of appellant that the telegrams did not constitute a completed contract that appellees could have enforced against the Land Company and consequently could have suffered none other than nominal damages, is without force. It is clear from the language of the telegrams that there was a complete meeting of the minds of the parties that had the final telegram of January 19th, which constituted an absolute unconditional and precise acceptance, been delivered within a reasonable time, the contract would have been complete and enforceable.  That it did not become so was manifestly because of the negligence of appellant.

Appellant insists that the damages are excessive; that $50 automobile hire should have been deducted from the amount of the second lien notes which appellees were to receive.  We think the telegram of January 13th may be properly construed to mean that the second lien notes mentioned amounted to $450 after deducting the automobile hire.  Inasmuch as the evidence shows that such notes were worth their face value, the court was warranted in assessing the damages at $450.

The judgment of the Circuit Court will be affirmed.

*Affirmed.*