554

Farmers and Merchants Bank, Appellee, v. Michael R. Narvid and Stella Narvid, Appellants.

Gen. No. 34,642.

Heard in the first division of this court for the first district at the October term, 1930. Opinion filed January 26, 1931.

SLAKIS & SPENCE, for appellants.

JAMES G. SKINNER, for appellee.

MR. JUSTICE O'CONNOR delivered the opinion of the court.

Plaintiff brought an action of assumpsit against the defendants to recover $1,591.02 with interest thereon at six per cent per annum from September 23, 1927.

The claim was based upon a clause in a warranty deed by virtue of which it is claimed that the defendants, as grantees, assumed and agreed to pay a mortgage upon certain real estate in Wisconsin. There was a jury trial and a verdict and judgment in plaintiff's favor for the amount of its claim, and defendants appeal.

The record discloses that on March 18, 1918, Dorothy Warren owned a farm in Juneau county, Wisconsin, and on that date executed a mortgage to plaintiff, the Farmers and Merchants Bank of New Lisbon, Wisconsin, conveying the farm as security for $3,500 evidenced by a note of that date due five years after date, and another note for $500 payable in five years at the rate of $100 a year, both of which notes bore interest at six per cent per annum, payable semi-annually. On April 2, 1918, the mortgagor, Dorothy Warren, conveyed the farm by warranty deed to William F. Nehf subject to the mortgage indebtedness of $4,000, and on December 17, 1918, Nehf and wife by warranty deed conveyed the property to the defendants, Michael R. Narvid and Stella Narvid. The consideration expressed in the deed to the Narvids was "One Dollar and other good and valuable considerations." The conveyance was made "subject to a mortgage of Four thousand dollars ($4,000.00) which second parties assume and agree to pay as part of 'purchase' money."

Upon the execution of the deed to Narvid and wife they entered into possession of the farm and lived on it for about two years when they sold the farm to a Mr. Pasch and then left the farm. This was more than two years before the $3,500 indebtedness became due and about six years before the instant suit was brought. Pasch some time later sold the farm to Doctor Sprecker. The time of the last two conveyances does not appear, nor does it appear what provisions were contained in either of the two deeds. The evidence is further to the effect that Narvid, while he

was in possession of the farm, paid the interest on the mortgage to plaintiff, that he paid no part of the principal and made no payment at all after he left the farm, and that no demand was ever made upon him to pay the mortgage or any part of it until the present suit was brought in Chicago. The evidence further tends to show that after Narvid left the farm the interest on the mortgage and part of the principal was paid by the subsequent owners.

Counsel for plaintiff, in closing his proof, said: ''I desire to admit that a payment on the principal of $3,500 of $1,908.98 has been made, and that interest on the note was paid up to September 24, 1927.'' Up to that time there was no evidence as to who made the payment nor any evidence as to what became of the $500 note. It later developed, however, that plaintiff foreclosed the mortgage on the farm and bid it in at the foreclosure sale for $3,000, and apparently applied the $3,000 towards the payment of the costs of foreclosure and the indebtedness, but the evidence is rather meager on this point.

On the trial of the case plaintiff's president testified, and on cross-examination counsel for the defendant endeavored to find out, by questions, whether the bank had extended the time of payment of the indebtedness by agreement with the owner or owners of the farm subsequent to the transfer by the defendants. This was objected to by counsel for plaintiff as immaterial and the objection was sustained. Defendants contend that this ruling was erroneous and prejudicial and we think the contention must be sustained. If the time of payment had been extended by plaintiff with the subsequent owner or owners of the farm by agreement, for a consideration, so that it might be held that such owner or owners had agreed to pay the mortgage but without defendants' assent, this would discharge the defendants from personal liability for the debt for

the reason that the relation of the grantee and grantor towards the mortgagee is that of principal and surety. *Albee v. Gross,* 250 Ill. App. 98; *Douglass v. Ullsperger,* 251 Ill. App. 145; and cases therein cited; *Binga v. Bell,* 259 Ill. App. 361. (*Union Mut. Life Ins. Co. v. Hanford,* 143 U. S. 187; *Spencer v. Spencer,* 95 N. Y. 353.)

The defendant, Michael R. Narvid, was called as a witness in his own behalf and it was sought to elicit from him what was said at the time he bought the farm from Nehf, the deal having been closed at plaintiff's bank. He testified that prior to the execution of the deed there was a contract entered into between him and Nehf. He was then asked by his counsel what was said by Mr. Nehf prior to the time this deed was given. This was objected to and the objection sustained on the ground that the basis of plaintiff's suit was the written clause in the warranty deed and that it could not be varied by parol. The offered evidence was to the effect that Narvid would not and did not personally assume the mortgage debt, and although Narvid later gave testimony to the effect that the price he agreed to pay for the farm included the mortgage debt, yet this fact might not be conclusive of the question whether he had personally assumed the debt. Plaintiff was not a party to this deed and the parol evidence rule applies only to controversies between parties to the instrument, and the ruling was wrong. 17 Cyc. p. 749–52; 17 Am. & Eng. Ency. of Law (1st ed.) p. 453; 1 Greenleaf on Evidence, (13th ed.), sec. 279; vol. 1, Wiltsie on Mortgage Foreclosure, (4th ed.), sec. 240; *Northern Assur. Co. v. Chicago Mut. Building & Loan Ass'n,* 198 Ill. 474; s. c., 98 Ill. App. 152; *Washburn & Moen Mfg. Co. v. Chicago Galvanized Wire Fence Co.,* 109 Ill. 71; *Chicago, S. & St. L. R. Co. v. Beach,* 29 Ill. App. 157; *Peters v. Goodrich,* 192 Iowa 790.

In 17 Cyc. 749–52, it is said: "The rule excluding parol evidence to vary or contradict a written instru-

ment applies only in controversies between the parties to the instrument and those claiming under them. It has no application in controversies between a party to the instrument on the one hand and a stranger to it on the other, for the stranger not having assented to the contract is not bound by it, and is therefore at liberty when his rights are concerned to show that the written instrument does not express the full or true character of the transaction. And where the stranger to the instrument is thus free to vary or contradict it by parol evidence his adversary, although a party to the instrument, must be equally free to do so. This has been held to be true in the case of writings of all kinds, as for example, deeds, mortgages, leases, bills of sale, licenses, insurance policies, and contractual receipts. And even a judicial record is not conclusive upon persons not parties or privies to the action or proceeding.''

In 17 Am. & Eng. Ency. of Law (1st ed.), it is said (p. 453): ''The rule against contradicting the tenor of a written instrument by parol applies only to parties and privies. It has no application to strangers, nor is a party to an instrument estopped from contradicting it when it is offered in evidence in a suit to which a stranger to the instrument is a party.''

Professor Greenleaf, in his work on evidence, in discussing the question of the admissibility of parol evidence to affect that which is written, says (sec. 279): ''The rule under consideration is *applied only* (*in suits*) *between the parties* to the instrument; as they alone are to blame if the writing contains what was not intended, or omits that which it should have contained. It cannot affect third persons, who, if it were otherwise, might be prejudiced by things recited in the writings, contrary to the truth, through the ignorance, carelessness, or fraud of the parties; and who, therefore, ought not to be precluded from proving the truth,

however contradictory to the written statements of others.''

Wiltsie, in his work above cited, in section 240 says: ''A grantee is not conclusively bound by an assumption clause in a deed even as against the mortgagee or other third parties. He may show the real contract between the parties, though in contradiction of the assumption clause. And parol evidence is admissible.''

And the Supreme Court of this State in the *Northern Assurance Co.* case (198 Ill. 474) held that the rule that parol evidence is not admissible to vary or contradict a written instrument applies only to the parties to the instrument or those in privity with them. The court there said (p. 478): ''the rule of evidence referred to by counsel, that parol testimony is inadmissible to contradict or vary a written instrument, applies only to the parties to the instrument or their privies. (1 Greenleaf on Evidence, sec. 279; *Silsbury v. Blumb,* 26 Ill. 287; *Harts v. Emery,* 184 Ill. 560; 17 Am. & Eng. Ency. of Law,—1st ed.— 453). The appellee association was not named as a party in either of the deeds, but if regarded as privy thereto the deeds were introduced by one not a party to them, and it was competent for the appellee association to introduce proof to show the deed was not absolute, but a conditional conveyance.''

In *Peters v. Goodrich,* 192 Iowa 790, it was held that one who in exchange of equity in real estate takes a deed in which he inadvertently assumes the payment of a pre-existing mortgage on the property to which he is a stranger may when sued on such assumption clause show by oral testimony that there was no consideration for the assumption of payment and that the contract for the exchange of the properties did not in fact provide for such assumption. A number of authorities from other jurisdictions are cited and dis-

560

cussed in that case, which announces the same rule of law.

For the two reasons above stated the ruling of the court on the admission of evidence was erroneous and the judgment will therefore be reversed and the cause remanded.

The judgment of the circuit court of Cook county is reversed and the cause remanded.

*Reversed and remanded.*

MATCHETT, P. J., and McSURELY, J., concur.