Ethel E. Reams, Administratrix of the Estate of Helen Mildred Reams, Deceased, Appellant, v. Mike Janoski, Appellee.

Gen. No. 8,427.

Heard in this court at the October term, 1931.

Opinion filed August 25, 1932. Rehearing denied November 1, 1932.

Welsh & Welsh, for appellant.

John H. Page and Hall & Dusher, for appellee.

Mr. Justice Jett delivered the opinion of the court.

This suit was instituted by Ethel E. Reams, administratrix of the estate of Helen Mildred Reams, deceased, appellant, hereinafter referred to as plaintiff, against Mike Janoski, appellee, hereinafter called defendant, and William B. Muntz, to recover damages for negligently causing the death of plaintiff's intestate. Muntz was dismissed as party defendant.

The declaration charges that plaintiff's intestate on June 21, 1930, in the City of Rockford, Illinois, was riding as the guest of Mike Janoski, the defendant; that the accident occurred at the intersection of Long-

wood and Rural streets; that while deceased was riding in the automobile of the defendant, he so carelessly, improperly and negligently drove and managed the said automobile that by and through said carelessness, negligence and improper conduct of the said defendant, the said automobile of the said defendant collided at the said street intersection in said city on said date, and came together and struck with great force and violence another automobile, being the Buick automobile owned and operated by one Wm. B. Muntz; that as a result of said carelessness, negligence and improper conduct of said defendant deceased was killed.

To the declaration the defendant pleaded the general issue and one special plea. Subsequently defendant pleaded two additional special pleas. To the defendant's second additional plea as amended the plaintiff filed her second replication which was later amended. A general demurrer was interposed to the plaintiff's amended second replication, which demurrer was sustained upon a hearing. To this ruling the plaintiff duly excepted and elected to stand by her amended second replication. Thereupon a judgment for costs and that the plaintiff take nothing was entered against plaintiff, to which judgment the plaintiff excepted. From this judgment plaintiff prosecuted this appeal.

The defendant in his second additional plea as amended avers that the negligence, if any, of the defendant was joined by the negligence of a certain Wm. B. Muntz and that the plaintiff executed a written release discharging the said Wm. B. Muntz from all liability arising from the latter's negligence. The plaintiff in her second amended replication avers facts and circumstances to show that it was not the intention of the plaintiff or of the said Wm. B. Muntz (not a party to the suit) to release the latter but to enter into a covenant not to sue the said Wm. B. Muntz.

Upon this record the question submitted for determination is: Did the trial court err in sustaining the

defendant's demurrer to the plaintiff's amended second replication to the defendant's second additional plea as amended?

It is conceded that the facts as averred in defendant's second additional plea as amended, if proven and not avoided, constitute a complete bar to this action. In his second additional plea as amended the defendant in effect avers that the negligence of the defendant, as charged in the declaration, was joined by a certain Wm. B. Muntz, and that in consideration of the payment to her, the plaintiff, of $1,750 by the said Wm. B. Muntz the plaintiff released in writing the said Muntz from all liability arising from the joint negligence. The defendant's plea avers that he, the defendant, has been released from liability by force of the rule that a release of one joint tort-feasor releases both. The alleged release is set forth as consisting of two documents, a written agreement between the plaintiff and the said Wm. B. Muntz which acknowledged receipt of the payment of the sum of $1,750 and which stated that the plaintiff would later execute a release, and a draft or check payable to the plaintiff and her attorneys in the amount of $1,750, upon which appeared in printing the statement that the indorsement of said draft constituted a release of all liability of the said Wm. B. Muntz from the latter's negligence in question.

The plaintiff in her amended second replication avers that the instruments constituting the alleged release in the defendant's second additional plea as amended, do not correctly state the true agreement between her, the plaintiff, and the said Wm. B. Muntz. This pleading avers facts and circumstances to the effect that it was the intention of the plaintiff to enter into a covenant not to sue the said Wm. B. Muntz and not a release. The plaintiff offers in her said replication to prove this intention of herself and the said Wm. B. Muntz by the negotiations and circumstances prior

to the execution of the release instruments of the plaintiff and her attorneys on the one side, and the said Muntz and his attorneys on the other. It will be seen, therefore, that the question presented is whether the plaintiff, having executed a writing which purports to release a joint tort-feasor, may by parol evidence show that the writing was intended by the parties to it to have been a covenant not to sue.

It is the contention of the plaintiff that the rule announced in *O'Shea v. New York, C. & St. L. R. Co.,* 105 Fed. 559, is decisive of the question involved in this cause. In the above mentioned case, O'Shea brought suit to recover for injuries received while in the service of the defendant, the New York, C. & St. L. R. Co., owning and operating the railroad known as the "Nickel Plate Railroad." At the time of the injury the plaintiff was riding upon one of the engines of the Nickel Plate Company which was being run over the tracks of the Chicago, Burlington & Quincy Railroad Company, which latter company erected a tower post in close proximity to the track, and as the engine passed the post the plaintiff was struck thereby and injured. The suit proceeds upon the theory that the Chicago, Burlington & Quincy Railroad Company was primarily responsible, and yet the defendant, the Nickel Plate Railroad Company, was also liable to him for the injury in that it negligently allowed its engine to be operated upon tracks dangerous because of the proximity of the tower post. In addition to the plea of the general issue the defendant filed a further plea setting up that the plaintiff made claim against the Chicago, Burlington & Quincy Railroad Company for the injuries sustained by the alleged joint negligence, and that such claim was duly paid and satisfied by said company (not a party to the suit) and that the plaintiff executed and delivered to that company a release in satisfaction for the claim. The release is set out *in haec verba* in the plea. Under objection the

court allowed parol evidence to be introduced of the negotiations which led up to the written agreement and to the actual agreement said to have been made. On the question of whether such parol evidence was admissible the court in its opinion said: "The oral testimony allowed at the trial, under objection of the defendant in error, clearly establishes that it was not intended by either party to the paper that the sum of $1,200 should be paid to O'Shea in full satisfaction of his injuries, and that it was not intended by either party that the document which O'Shea was to sign should be anything more than a covenant not to sue the Chicago, Burlington & Quincy Railroad Company, that company being willing to give the sum stated in the paper as a consideration for that covenant. In other words, the paper does not express the actual agreement of the parties. The question then arises whether such oral testimony was admissible. We think that it was. The rule that 'parol contemporaneous evidence is inadmissible to contradict or vary the terms of a valid written instrument' was not adopted because the document is under seal. . . ." The court then referred to Greenleaf on evidence, citing section 279 of Vol. 1, of 14th Ed. and continued in its opinion as follows: "But this rule as stated by Mr. Greenleaf on Evidence 'is applied only in (suits) between the parties to the instrument, as they alone are to blame if the writing contains what was not intended, or omits that which it should have contained. It cannot affect third persons, who, if it were otherwise, might be prejudiced by things recited in the writings, contrary to the truth, through the ignorance, carelessness, or fraud of the parties, and who, therefore, ought not to be precluded from proving the truth, however contradictory to the written statement of others. In a suit between a party and a stranger, neither is concluded by the contract, but either may give evidence differing from it.' "

In *Gore v. Henrotin,* 165 Ill. App. 222, the question involved in the instant case was decided by the court. It appears that Theresa G. Gore, as administratrix of her husband's estate, sought to recover damages against one of two tort-feasors for negligence resulting in the death of her intestate. A judgment was recovered in the sum of $2,800 against the plaintiff in error. At the time the husband was killed he was a passenger on a car of the defendant, which car was run into by a train of the Grand Trunk Western Railway Company. The declaration averred that the deceased was riding as a passenger at the time of his injury and that he was injured when said street car collided with a train of cars running on the track of the Grand Trunk Western Railway Company. On stipulation of the defendant in error (plaintiff in the court below), and the Grand Trunk Western Railway Company, the suit was dismissed as to the latter. The only defense in the case was that the defendant in error had by contract released the defendant, the Grand Trunk Western Railroad Company and, as a legal result thereof, plaintiff in error was released and discharged. The plaintiff in error insisted that he had a right to prove by the defendant in error that she (the defendant in error) had accepted $2,800 of the said railroad company, or had agreed to do so, in full settlement of her claims for damages against it and had in fact released that company of all claims against it, although the agreements of herself and said company purported to be in writing. The court in recognizing the general rule that parol evidence cannot be introduced to vary or contradict the express terms of a written contract in suits between the parties to the instrument, recognized the exception to the rule and in doing so said:

"The principal error insisted on by plaintiff in error as a ground of reversing the judgment of the lower court, is the refusal of the court to permit him to prove

by the defendant in error, Mrs. Gore, whom he called as a witness, the conversations and transactions of herself and the Grand Trunk Western Railway Company leading up to the contracts that resulted in the dismissal of the suit as to that Company. He insists that he had a right to prove by her, if he could do so, that she had accepted $2,800 of the said railway company, or had agreed to do so, in full settlement of her claim for damages against it, and had released that company of all claims against it, although the agreements of herself and said company purported to be in writing. In other words, he claims that, as he is neither party nor privy to said contracts, he had a right to introduce oral evidence to prove that the actual contracts were different from the written contracts, or that they did not contain all the contracts made between the parties, and that the railway company was released by her, if such were the facts. The law is well settled that a release to one of several joint tort-feasors is a release to all, and an accord and satisfaction with one of them is a bar to an action against the others. *C. & A. Ry. Co. v. Averill,* 127 Ill. App. 275, affirmed in 224 Ill. 516; *City of Chicago v. Babcock,* 143 Ill. 358.

"Both of the cases above cited are cases in which joint tort-feasors were sued, and a written contract with a covenant not to sue was signed by each plaintiff respectively and delivered to one of the joint tortfeasors. Oral evidence was introduced in each case by the other parties to the suit to prove what the actual contracts were, notwithstanding the contracts between the parties thereto were in writing. But the question of the admissibility of such evidence was not raised in either case. The exact question involved here was raised in the case of *O'Shea v. New York, C. & St. L. R. R. Co.,* 105 Fed. 559; and it was held in that case that either the plaintiff or the contesting defendant may contradict the written contract by parol evidence. We think that the *O'Shea* case states the correct rule

of law, and that there is no such privity between joint tort-feasors because both are sued in the same suit or both liable for the same injury, as to conclude the defendant who is not a party to the contract, or the plaintiff, by the express terms of the written contract, and that either plaintiff or such defendant may contradict it by parol evidence.''

In the replication relied upon by the plaintiff is set forth the petition of the plaintiff as administratrix of her intestate which petition asks leave of the probate court to execute a covenant not to sue the said Wm. B. Muntz. This petition, it is averred, was filed following the alleged agreement or conversation in which the plaintiff agreed to accept the sum of $1,750 in return for a covenant not to sue the said Wm. B. Muntz. The order signed by the probate court following the said petition specifically limited the plaintiff as such administratrix ''to sign, execute and deliver to Wm. B. Muntz a covenant not to sue in consideration of her, the said administratrix, receiving from said Wm. B. Muntz the sum of $1,750.'' The replication further avers that the insurance company carriers for the said Wm. B. Muntz thereafter issued its voucher in the sum of $1,750 to the plaintiff as such administratrix, which voucher it is averred through error and mistake of the parties carried in printing that the said voucher constituted complete release of the said Wm. B. Muntz from the latter's negligence causing the death of the plaintiff's intestate.

The rule contended for by the plaintiff finds support in *Reynolds v. Magness,* 24 N. C. 26, reported in 1916 A L. R. A. 603, 604, where the court said: ''The rule of evidence that, where the parties to a contract have reduced their agreement to writing, parol evidence shall not be received to alter or contradict the written instrument applies to controversies between the parties and those claiming under them. The parties have constituted the written instrument to be the authentic

memorial of their contract; and because of this compact, the instrument must be taken, as between them, to speak the truth and the whole truth, in relation to its subject matter. But strangers have not assented to this compact and therefore, are not bound by it. When their rights are concerned they are at liberty to show that the written instrument does not disclose the full or true character of the transaction, and if they be thus at liberty when contending with a party to the transaction, he must be equally free when contending with them. Both must be bound by this conventional law, or neither.''

In *C. Lane & Co. v. Western Union Telegraph Co.,* 149 Ill. App. 562, the plaintiff sought to introduce parol evidence to vary the terms of a written contract executed by itself. The case was an action in assumpsit by the C. Lane & Company against the telegraph company for the failure of the latter to deliver within a reasonable time a certain telegram sent by said Lane & Company to a certain Connell Land Company, and in which case the C. Lane & Company by replication averred that prior to the sending of the message in question it had entered into a verbal agreement with the land company that if any loan was guaranteed it should be guaranteed with a party named Hartz and not with the Lane Company. The telegraph company demurred to the replication on the ground that the contract referred to being in writing executed by the plaintiff, C. Lane & Company and Connell Land Company (not a party to the suit) could not be varied by parol evidence. The demurrer was overruled by the court and the telegraph company abiding thereby damages were assessed and entered against the telegraph company for $450. On this state of facts the Appellate Court said: ''The demurrer to the replication was properly overruled. The rule that parol evidence is not admissible to vary the terms of a written contract

can only be invoked by the parties to the contract or those in privity with them.''

The defendant was not a party to the agreement entered into between the plaintiff and Wm. B. Muntz. The question then arises whether the defendant was a stranger to this agreement in the sense in which the term is employed in the rule.

At this point it might be well to quote from the opinion in *O'Shea v. New York, C. & St. L. R. Co., supra.* In that case the court in addition to what has been quoted used the following language: ''The question then arises whether the defendant in error here was a 'stranger' to this agreement in the sense in which the term is employed in the rule. It is true that the subject matter upon which the agreement operated was the joint wrong of the two railway companies, and the defendant in error could avail itself of an accord and satisfaction or release between O'Shea and the Chicago, Burlington and Quincy Railroad Company. To this extent it may be said not to be a stranger to the matter but it was no party to the contract and was not bound by it.''

In vol. 10 R. C. L., page 1020, it is said: ''And as, in a contention between a party to an instrument and a stranger to it, the stranger may give testimony by parol differing from the contents of the instrument, so the party to it is not to be at a disadvantage with his opponent, and he, too, in such case, may give the same kind of testimony.''

The rule of law which permits a party to a suit against a stranger to the contract involved to introduce parol evidence to vary the terms of a written contract entered into with another seems to have been recognized by the courts of this State. Since the defendant was not a party to the contract that is set up in his plea, we are of the opinion that the replication filed by the plaintiff was sufficient to permit her to offer evi-

dence in support of her contention. We conclude, therefore, that the trial court was in error in sustaining the defendant's demurrer to plaintiff's amended second replication to the defendant's second additional plea as amended.

The judgment of the circuit court of Winnebago county is reversed and the cause remanded to the trial court with directions to overrule said demurrer to said replication.

*Reversed and remanded with directions.*