The Prudential Insurance Company of America, Appellant, v. Arthur S. Bass and Jennie E. Bass, Appellees.

## Gen. No. 8,789.

Heard in this court at the October term, 1933. Opinion filed January 12, 1934. Rehearing withdrawn from files and records on motion February 17, 1934.

GEORGE E. DRACH and J. C. MARTINDALE, for appellant.

REARICK & REARICK, for appellees.

MR. PRESIDING JUSTICE NIEHAUS delivered the opinion of the court.

On the 10th day of December, A. D. 1921, Arthur S. Bass and Jennie E. Bass borrowed the sum of $22,000 from the Prudential Insurance Company of America, the appellant herein. A note for that sum, evidencing the debt, and a first mortgage on the farm land described therein in Pike county, were executed and delivered to the appellant company. The principal sum in the note was payable December 10, 1926, with interest from December 10, 1921, at the rate of six per cent per annum, and the makers of the note have the privilege of paying on the principal sum multiples of $100 at any interest maturity date, said payments not to exceed one-fifth of the principal sum during any one year.

On the 26th day of October, 1924, the appellees conveyed the mortgaged premises by warranty deed to Harry E. Buckles and C. R. Hawkins; which conveyance was made, "Subject, however, to the mortgage indebtedness in question, with the interest thereon paid to March 1, 1924; and which the grantees assumed and agreed to pay as a part of the purchase price." Thereafter, on the 29th day of December, 1926, the grantees of the conveyance in question, together with their wives, executed an agreement with the appellant company, by which they agreed to pay the principal sum of $22,000 on December 10, 1931, with the interest from December 10, 1926, at the rate of five per cent per annum; and with the privilege of paying on the principal sum multiples of $100 at any interest maturity date, without limit or restriction; the note and mortgage to remain in force except as modified by the agreement.

It appears from the testimony of the appellees, which is uncontradicted, that they had no notice or knowledge of the extension agreement until Decem-

ber 30, 1931; and that they nor either one of them, gave no consent at any time to the extension or the extension agreement. The grantees of the conveyance hereinbefore referred to did not pay the interest on the mortgage debt which became due June 10, 1931, in full; and paid no part of the interest due December 10, 1931. The appellant company as mortgagee in the meantime had advanced and paid the real estate taxes and drainage assessments for the year 1930; also the real estate taxes for the year 1931; and the fire and tornado insurance premiums for the protection of the property against loss by damage to the buildings; and had not been reimbursed for the expenditures referred to. These advancements and expenditures were permitted by the terms of the mortgage; and by the terms of the mortgage became a part of the principal sum secured by the mortgage, which principal sum was then also due and unpaid. The appellant company thereupon brought this suit for the foreclosure of the mortgage, to the June term, 1932, of the circuit court of Pike county, making the appellees, the original mortgagors, and their grantees, parties defendant.

The bill of complaint prayed a personal decree against the appellees, the original mortgagors, as well as against the grantees in the conveyance mentioned. The master in chancery, in his findings, reported that the appellees *inter alios,* were jointly and severally obligated to pay the mortgage debt; and that they were not released by the extension agreement between the grantees and the appellant company, which had extended the maturity of the note representing the mortgage debt. The appellees filed objections to the master's report, which were overruled by the master, but were allowed by the court to stand as exceptions, and upon the hearing, the exceptions were sustained by the court; and the court thereupon entered a decree

for foreclosure and sale of the mortgaged premises. The decree expressly discharges the appellees as original mortgagors from personal liability, because of the extension agreement made with the appellant company by the grantees of the conveyance mentioned. The appellant company is now prosecuting this appeal for reversal of the decree.

The only question presented for review in the foreclosure decree is whether or not the extension agreement entered into by the grantees and the appellant company had the legal effect of discharging the appellees as original mortgagors from personal liability for the mortgage debt. While there has been some conflict in the decisions of the Appellate Courts of this State, and no decision directly in point involved in this case, by the Supreme Court, the case of *Albee v. Gross,* 250 Ill. App. 98, appears to be conclusive on the question presented for review. The facts in that case appear to be practically the same as in the case under consideration. In that case, one Albert Albee was, on June 30, 1914, the owner of 246 acres of land in Winnebago county, which he sold on that day to one R. A. Gross, taking back a purchase money mortgage for $22,000. A few days later Gross and wife deeded this land to Charles F. Brandt, by a warranty deed containing a covenant to the effect that the grantee assumed and agreed to pay the mortgage debt. Still later, Brandt and wife conveyed the land by deed containing a like covenant to one George A. Allen. When the debt matured Allen and the mortgagee entered into an extension agreement for one year, without the knowledge or consent of Gross or Brandt. A foreclosure suit was instituted to which all of the persons above named were parties, in which it was claimed in the bill of complaint that these persons were liable for a deficiency in case of a foreclosure sale for an amount less than the debt, interest and

costs. The master in chancery so held. The exceptions to his report on that point were sustained by the trial court. The Appellate Court says, on page 102, that the only issue was whether the extension agreement operated as a release of Gross and Brandt.

The *Albee* case was taken to the Supreme Court on a petition for certiorari, and the petition was denied. We therefore conclude that the *Albee* case settles the controverted question in this case in accordance with the contention of the appellees. The *Albee* case has been followed by the Appellate Courts in this State in *Metz v. Dionne,* 250 Ill. App. 369; *Douglass v. Ullsperger,* 251 Ill. App. 145; *Binga v. Bell,* 259 Ill. App. 361; *Farmers & Merchants Bank v. Narvid,* 259 Ill. App. 554.

For the reasons stated the decree is affirmed.

*Affirmed.*